IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY J. HUDAK, et ux. *

    Plaintiffs *

      vs. * CIVIL ACTION NO. MJG-11-1271

THE UNITED STATES OF AMERICA *
INTERNAL REVENUE SERVICE
    *
    Defendant
\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it Plaintiffs' Motion for Preliminary Injunction [Document 3] and the United States' Motion to Dismiss [Document 18]. The Court has held a hearing and had the benefit of the arguments of counsel. The Court shall, herein, supplement its statement of reasons for its actions stated on the record during the proceedings held this date.

I. SUMMARY BACKGROUND

Plaintiff Timothy J. Hudak ("Hudak") was, at times relevant hereto, a principal of certain entities – including Hudak Site Construction L.L.C., that failed[1] to pay over withholding taxes for the eleven taxable quarters from 3/Q/07 through 1/Q/10. See

---

[1] Hudak contends that the fault for this failure lies with the Government.

Exhibit A hereto.  By no later than June, 2010, Hudak[2] filed claims for refund of income tax overpayments for the calendar years 2003, 2004 and 2006 totaling about $510,000.

In December 2010 the Internal Revenue Service "adjusted" the said income tax return accounts reflecting the overpayment of some $510,000 but, inasmuch as a § 6672[3] assessment against Hudak was contemplated, merely held the funds for application to any assessment that might be made in the future.

On May 10, 2011, the instant lawsuit was filed in which Hudak sought an Order directing payment to him of the income tax overpayments and enjoining any § 6672 assessment.  However, from May 16 through June 13, 2011, the I.R.S. assessed § 6672 penalties against Hudak, see Exhibit A, and offset the income tax overpayments[4] (with interest) against the § 6672 assessments for 3/Q/07, 4/Q/07, 1/Q/08, 2/Q/08, and 3/Q/08.

In the Complaint Plaintiff sought to obtain an Order directing the I.R.S. to pay him the amount of the income tax

---

[2]   The income tax returns and claims were filed jointly with Mrs. Hudak.  However, the parties have agreed that Mr. Hudak paid the income taxes and is, alone, entitled to the benefit of the overpayments.

[3]   All § references herein refer to the Internal Revenue Code, 26 U.S.C. unless otherwise indicated.

[4]   The $510,000 from 2003, 2004 and 2006 and additional overpayments for 2009 and 2010 totaling about $43,000.

overpayments[5] and forbidding the I.R.S. from assessing a § 6672 penalty against him and using its right of offset to collect the assessment from the income tax overpayments.

II.  DISCUSSION

   A.  Preliminary Injunction

The Anti-Injunction Act, 26 U.S.C. § 7421 U.S.C. prohibits an injunction against assessment or collection of tax subject to statutory exceptions not here relevant.[6]

It is true that the Supreme Court recognizes a judicially created exception if there is equity jurisdiction and if a taxpayer can show that "under no circumstances could the Government ultimately prevail."  Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962).  While Hudak asserts a potentially meritorious defense against the § 6672 assessments, by no means does the record establish that under the most liberal (pro-Government) view of the law and facts, the Government cannot prevail under any circumstances.  Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974).

---

[5]  Presumably, although not expressly, with interest.

[6]  Hudak does not contend that any of the statutory exceptions are applicable.

B. The Income Tax Refund Claim

Hudak has brought a valid income tax refund suit. Indeed, there is no doubt that he is entitled to the refund claimed – although, as noted, he is not entitled to prevent the Government from taking the refund by offset. Thus, Hudak was entitled to obtain a refund of the income tax overpayments with interest through the date of offset. He has received a "refund" of the principal of the income tax overpayment and may have received the interest to which he is entitled.

The parties shall seek, cooperatively, to determine if they agree that the I.R.S. has credited Hudak with the correct amount of interest on the income tax overpayments. If not, the Court shall proceed appropriately to resolve any issues presented.

C. The § 6672 Refund Claim

As discussed at the hearing, Hudak filed claims for refund on or about August 8, 2011. These claims, although on Form 843, are somewhat irregular because they refer on their face to the income tax years from which the overpayments resulted rather than the taxable quarters for which the § 6672 assessments were made. Nevertheless, the claims include in Section 7, the statement: "See attached. Timothy Hudak was erroneously

assessed trust fund recovery penalty taxes related to the entities detailed in the attached protest letters."

The attached protest letters, included by reference in the claims, adequately place the I.R.S. on notice that Hudak seeks refunds of payments made on § 6672 assessments against Hudak for identified quarters. Accordingly, Hudak has satisfied the full payment rule with regard to some of the taxable quarters for which the § 6672 penalty was assessed and has filed timely claims seeking refunds. Therefore, Hudak will be able to file a timely tax refund suit after six months expire from the date of filing of the refund claims.

The Court shall give Hudak leave to file a Supplemental Complaint[7] based upon the claims filed on or about August 8, 2011. The Court shall, further, give the Government leave to file a counterclaim seeking recovery of the unpaid balance of the § 6672 assessments.

III. <u>CONCLUSION</u>

Accordingly:

1. Plaintiff's Motion for Preliminary Injunction [Document 3] is DENIED.

---

[7] At the hearing Government counsel requested that Hudak file a Supplemental Complaint rather than an Amended Complaint. The Court sees no reason to deny Government counsel's request in this regard.

2.  The United States' Motion to Dismiss [Document 18] is GRANTED IN PART.

    a.  All claims for an injunction against assessment of the § 6672 penalty and collection by offset are dismissed.

    b.  Claims for refund of the income tax overpayments are DENIED AS MOOT.

    c.  Claims for refund of interest due on the income tax overpayments remain pending. The parties shall provide, by February 15, a status report advising whether there are any issues remaining regarding interest due on the income tax overpayments.

3.  On a date that is more than six months after the filing of the claims for refund of payments on the § 6672 assessment, Plaintiff may file a Supplemental Complaint seeking a refund of such payments.

    a.  The Government may file a counterclaim seeking recovery of the unpaid balance of the § 6672 assessments at issue.

    b.  The Government shall arrange a telephone conference to be held within 21 days of the filing of the Supplemental Complaint to discuss the scheduling of further proceedings herein.

SO ORDERED, on <u>Tuesday, December 20, 2011</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge