IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY J. HUDAK, et ux.          *

          Plaintiffs          *

          vs.          *     CIVIL ACTION NO. MJG-11-1271

THE UNITED STATES OF AMERICA          *
INTERNAL REVENUE SERVICE
                  *
          Defendant
*          *          *          *          *          *          *          *          *

MEMORANDUM AND ORDER RE: MOTION TO DISQUALIFY COUNSEL

    The Court has before it Third-Party Defendant, Counterclaim

Defendant, and Counterclaim Plaintiff Dwight C. Mules' Motion to

Disqualify Counsel [Document 56] and the materials submitted

relating thereto.  The Court has held a hearing, heard

testimony, and has had the benefit of the arguments of counsel.


I.   SUMMARY BACKGROUND

    At times relevant hereto, Timothy J. Hudak ("Hudak") served

as the principal of several entities collectively referred to as

"the Hudak Companies."  Dwight C. Mules ("Mules") served as the

chief financial officer of at least some of the Hudak Companies.[1]

Beginning in 2007, certain of the Hudak Companies became

noncompliant with their federal employment tax and withholding

---

[1]   Mules denies being an employee of Hudaks Asbestos Removal,
Inc., Hudaks Construction Services, Inc., Hudak Mechanical
Insulation LLC, and Hudak Site Construction LLC during the
relevant timeframe.  Mules' Answer [Document 55], ¶ 12.

requirements.

On February 25, 2010, Thomas F. DeCaro, Jr., Esquire ("DeCaro"), representing the Hudak Companies, Mules, and Hudak met with the I.R.S. to discuss the Hudak Companies employment tax problems.  After that meeting, DeCaro discussed with Mules and Hudak the possibility that both of them could be held liable under § 6672 of the Internal Revenue Code with regard to the Hudak Companies' tax liabilities.[2]  DeCaro advised that Mules and Hudak may have inconsistent and antagonistic defenses to personal liability, e.g., each might seek to exonerate himself by placing blame on the other.  DeCaro's Opp'n [Document 58], at 1-2.  DeCaro then advised Mules and Hudak (separately) that if either wished to assert the other's responsibility as a defense to any § 6672 assessment, that party would have to hire separate legal counsel.  Id. at 2.  DeCaro represents that Mules and Hudak agreed to this arrangement.  Thus, DeCaro proceeded to represent the Hudak Companies as well as Hudak and Mules in the I.R.S. administrative proceedings "with the understanding that neither of the individuals would assert their involvement with the finances of the Hudak companies as a premise for contending that the other was liable."  Id.

---

[2]    Section 6672 imposes personal liability on any person who is required to collect a tax (a "responsible person"), and who willfully fails to collect the tax, for a penalty equal to the total amount of the tax not collected.

DeCaro proceeded before the I.R.S., presenting a joint defense based on contentions that will be referred to as the "Complete Defense."  In essence, the Complete Defense is based upon a contention that due to certain action and/or inaction by the Government, neither Hudak nor Mules could be held liable as responsible persons.  The I.R.S. did not agree with the Complete Defense.

As described in the Memorandum and Order issued on December 21, 2011 [Document 25], the I.R.S. assessed a § 6672 penalty against Hudak in May and June of 2011 and collected part of the amount assessed.  Hudak filed the instant lawsuit seeking, among other things, a refund of the amount collected from him.  The Government has counterclaimed, seeking to recover the balance due on the § 6672 assessment against Hudak.  The Government has also filed a Third Party Complaint against Mules asserting that he, in place of, or in addition to, Hudak, is liable as a "responsible person" pursuant to § 6672.  Thereafter, Mules filed for bankruptcy protection, the instant proceeding was stayed until the Bankruptcy Court lifted the stay to permit the action against Mules to proceed in district court, and Mules filed his Answer [Document 55] on November 2, 2012.  Mules' Answer included a counterclaim alleging, among other things, that he had no authority to make the payments at issue and acted solely at the direction of Hudak (or Hudak's wife).  Hence, on

Mules' theory, Hudak, but not Mules, would be a responsible person subject to a § 6672 penalty should the Complete Defense fail.  Hudak, on the other hand, has filed an adversary proceeding against Mules in Mules' pending bankruptcy relating to Mules' allegedly tortious actions relating to the Hudak Companies.  In the instant case and in light of the Government's counterclaim against Hudak, Hudak takes the position that Mules, but not Hudak, would be a "responsible person" subject to a § 6672 penalty should the Complete Defense fail.

By the instant motion, Mules seeks to disqualify Hudak's counsel, DeCaro, from any further involvement as counsel in this case pursuant to United States District Court for the District of Maryland Local Rule 704 and Maryland Rule of Professional Conduct 1.9(a).

## II.  LEGAL FRAMEWORK

A motion to disqualify an attorney is addressed to the discretion of the district court. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 514, 517 (M.D.N.C. 1996).  A disqualification motion requires the court to balance the right of a party to retain the counsel of his choice and the hardship that can result from disqualification against safeguarding "the public perception of and the public trust in the judicial system." Id.; Zachair, Ltd. v. Driggs, 965 F. Supp. 741, 750

(D. Md. 1997) <u>aff'd,</u> 141 F.3d 1162 (4th Cir. 1998). The party

seeking disqualification has "a high standard of proof."

<u>SuperGuide Corp. v. DirecTV Enters., Inc.</u>, 141 F. Supp. 2d 616,

621 (W.D.N.C. 2001).  However, in a close case doubts are to be

resolved in favor of disqualification.  <u>Id.</u>


III. <u>DISCUSSION</u>

    A.  <u>Conflict</u>

    Pursuant to Rule 704 of the Rules of the United States

District Court for the District of Maryland  ("Local Rules"),

the Court applies the Rules of Professional Conduct as adopted

by the Maryland Court of Appeals ("MRPC").  Disqualification by

virtue of a prior representation is governed by MRPC 1.9(a),

which provides:

> A lawyer who has formerly represented a
> client in a matter shall not thereafter
> represent another person in the same or a
> substantially related matter in which that
> person's interests are materially adverse to
> the interests of the former client unless
> the former client gives informed consent,
> confirmed in writing.

    Accordingly, to disqualify DeCaro from representing Hudak

in the instant case, Mules must establish that:

    1.  He had an attorney/client relationship with
        DeCaro in regard to the I.R.S. administrative
        proceedings,

2.   That the instant case is the same or
     substantially related to these I.R.S.
     proceedings,

3.   Hudak's interests in the instant case are
     materially adverse to Mules,

4.   Mules did not consent, in writing, to DeCaro's
     representation of Hudak, and

5.   Mules did not waive his right to seek
     disqualification.

### 1.   Attorney-Client Relationship

There is no doubt that DeCaro had an attorney/client

relationship with Mules as well as Hudak and the Hudak Companies

in the I.R.S. administrative proceedings relating to employment

tax liabilities of the Hudak Companies and responsible person

assessments against Hudak and/or Mules under § 6672 of the

Internal Revenue Code.

### 2.   Same or Substantially-Related Matter

The instant lawsuit could be considered the same matter as

the aforesaid I.R.S. proceedings.  The instant lawsuit is a

judicial review of the § 6672 assessments made by the I.R.S.

based upon these administrative proceedings.  However, even if

the instant lawsuit is not the same matter, it is substantially

related thereto.

As stated in the comments to MRPC 1.9, a "substantially-

related" matter is one that involves "the same transaction or

legal dispute or if there otherwise is a substantial risk that
confidential factual information as would normally have been
obtained in the prior representation would materially advance
the [current] client's position in the subsequent matter."   MD
R CTS J AND ATTYS Rule 16-812, MRPC 1.9(a), Cmt. 3.

The instant case involves "the same transaction[s] [and]
legal dispute[s]" as the I.R.S. proceedings.  The I.R.S.
proceedings and DeCaro's representation related thereto involved
the central issue presented by the instant lawsuit, i.e.,
whether Hudak and/or Mules can be held liable on a § 6672
"responsible person" assessment with regard to the employment
tax liabilities of the Hudak Companies.  Thus, the identity of
the transactions and legal issues renders the instant lawsuit
substantially similar to the I.R.S. proceedings.

The Court also finds that "there [] is a substantial risk
that confidential factual information as would normally have
been obtained [from Mules] in the prior representation would
materially advance [Hudak's] position" in respect to matters as
to which they have adverse interests.

DeCaro suggests that Mules must come forth with actual
disclosures Mules considers "confidential" in order for the
Court to make this finding.  The Court does not agree.  Mules
need not demonstrate the actual receipt of confidences by
DeCaro.  Nichols Agency, Inc. v. Enchanted Child Care, Inc., 537

F. Supp. 2d 774, 779 (D. Md. 2008) (explaining an irrebuttable presumption arises that confidential information was conveyed to the attorney in the prior matter); Stratagene v. Invitrogen Corp., 225 F. Supp. 2d 608, 612 (D. Md. 2002) (explaining requiring a demonstration of receipt of confidences by former counsel would "place an unreasonable burden on the moving party"); MRPC 1.9, Cmt. 3 ("A conclusion about the possession of [confidential] information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services.").  Accordingly, it is sufficient that the Court can infer the disclosure of confidential information based on the nature of the services provided by DeCaro to Mules.

The "bottom line" is that the instant lawsuit and the I.R.S. proceedings, if not the same matter, involve the same transactions and legal disputes.  Accordingly, the instant lawsuit is the same as, or substantially related to, the I.R.S. proceedings in which DeCaro acted as Mules' attorney.

### 3.   Materially Adverse Interests

In regard to the I.R.S. proceedings, DeCaro advised his clients, Mules and Hudak, that each may wish to present a defense to personal liability based on the contention that the other, and only the other, was a "responsible person."  While

Hudak and Mules eschewed such "finger pointing" in the I.R.S. proceedings, they have not done so in the instant case.  Each includes, in their defenses against a § 6672 assessment, a contention that he is exonerated by virtue of action, inaction, authority, etc., of the other that would exonerate him while rendering the other a "responsible person."

The interests of Hudak and Mules are not necessarily adverse in every respect.  In particular, both might benefit should a "Complete Defense" prevail by means of which there could be no "responsible person" penalty assessment against either of them.[3]  However, so long as the instant lawsuit presents a contention by Hudak and/or Mules that the other is a "responsible person," there are materially adverse interests within the meaning of Rule 1.9(a) of the MRPC.


    4.   <u>Consent</u>

The Court will assume that DeCaro believed that Mules – by his actions – gave informed consent to DeCaro's representation of Hudak and not Mules in litigation that would follow the I.R.S. proceedings.  Nevertheless, Rule 1.9(a) expressly provides that the requisite informed consent must be "confirmed in writing."  Therefore, the Court finds that Mules did not validly consent to DeCaro's representation of Hudak in the

---

[3]    <u>See</u> the "common interest" discussion herein.

instant case.

        5.    Waiver

    DeCaro asserts that Mules waived the right to object to
DeCaro's representation of Hudak in the current action because
Mules delayed in filing the Motion to Disqualify until after the
Bankruptcy Court lifted the automatic stay in his bankruptcy
case.

    A party may waive the right to object to a conflict of
interest by failing to file timely a motion to disqualify.  In
re Modanlo, 342 B.R. 230, 236 (D. Md. 2006).  To determine
whether such a waiver occurred, courts look to a variety of
factors, of which the length of delay in bringing a
disqualification motion is an important (but not determinative)
consideration.  See id. at 236-37.  Other factors pertinent to
the assessment include:

> When the movant learned of the conflict;
> whether the movant was represented by
> counsel during the delay; why the delay
> occurred, and, in particular, whether the
> motion was delayed for tactical reasons; and
> whether disqualification would result in
> prejudice to the nonmoving party.

Buckley v. Airshield Corp., 908 F. Supp. 299, 307 (D. Md. 1995).

    The Court does not find that the instant motion was waived
by any delay in filing.

The initial Third Party Complaint was served on Mules on July 17, 2012.  On August 10, 2012, Mules filed his bankruptcy case, staying the instant proceeding against him.  On August 15, 2012, unaware of the bankruptcy filing, the Clerk entered a default against Mules.  On August 16, 2012, Mules filed notice of the bankruptcy filing.  The next day, August 17, 2012, the Court vacated the default and stayed the instant proceeding. Mules took the position that the Government's claim against him should proceed in the Bankruptcy Court and not this court.  The Government then proceeded in the Bankruptcy Court and eventually, on November 9, 2012, the Bankruptcy Court issued an order lifting the automatic stay.  Within four days of the Bankruptcy Court's lift stay Order, Mules filed the instant motion seeking disqualification of DeCaro.

The Court finds Mules to have been justified - if not absolutely required[4] - to defer filing the instant motion until the Bankruptcy Court issued its lift stay Order.  Indeed, it was the November 9, 2012 lift stay Order that determined - over Mules objection - that his § 6672 liability would be litigated

---

[4]     While technically a debtor may be able to file a disqualification motion in a stayed proceeding without violating 11 U.S.C. § 362, such an action could be contrary to the debtor's interests.  See In re Cobb, 88 B.R. 119, 121 (Bankr. W.D. Tex. 1988) (explaining "when the debtor-in-possession appears and defends a suit on any basis other than application of the automatic stay, then the debtor-in-possession waives the automatic stay").

in the instant case and not in the Bankruptcy Court, thus giving
Mules standing to file the instant motion in this court.[5]
Moreover, the Court finds that Mules did not delay filing the
instant motion for tactical reasons and that there has been no
undue prejudice to Hudak by virtue of Mule's filing the instant
motion on November 13, 2012.


   B.   Remedy

   The Court finds that once Mules became a party to the
instant case, DeCaro's representation of Hudak violated MRPC
1.9(a).  The Court is aware, of course, of the need to determine
if Hudak's right to retain counsel of his choosing and the
hardship that may result from disqualification in this action
are outweighed by the "public perception of trust in the
judicial system."  Capacchione v. Charlotte-Mecklenburg Bd. of
Educ., 9 F. Supp. 2d 572, 579 (W.D.N.C. 1998); SuperGuide, 141
F. Supp. 2d at 624.

   It is apparent that DeCaro cannot continue as counsel in
regard to matters as to which Mules and Hudak have conflicting
interests.  These matters include issues relating to the
relative responsibilities and actions of Hudak and Mules in

---

[5]   Even if the date of Mules' filing his Answer, November 2,
2012, were considered to be the date on which it was determined
that he would be proceeding in the instant case, there would be
no undue delay in a November 13, 2012 disqualification motion
filing.

regard to the operation of the Hudak Companies because Hudak and Mules each take the position that the other bears sole responsibility for the employment tax failures of the Hudak Companies at issue.

DeCaro contends that Hudak and Mules have a common interest in regard to the "Complete Defense" theory he presented in the I.R.S. proceedings and seeks to present in the instant case. Thus, DeCaro contends he should not be disqualified from any participation whatsoever as counsel in the instant case.

There does not appear to be definitive precedent that would prevent the Court from fashioning a remedy short of total disqualification in the instant case.  See generally Reese v. Virginia Int'l Terminals, Inc., 2:11CV216, 2012 WL 3202875, at *8-10 (E.D. Va. Aug. 2, 2012) (explaining that having found law firm's simultaneous dual representation of employee and union violated ethical rules, the court had to determine whether disqualification in the present case is the proper sanction and finding that where movant suffered no prejudice as a result of the prior concurrent conflicted representation, disqualification was not warranted, but appropriate sanction was referral of law firm and attorneys to the state bar for an ethical violation).[6]

---

[6]    The court in Reese v. Virginia Int'l Terminals, Inc., relied on United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980), in which the Third Circuit explained that a court should disqualify an attorney "only when it determines, on the facts of

The Court finds persuasive the decision of Judge Matz of the
Central District of California in UMG Recordings, Inc. v.
MySpace, Inc., 526 F. Supp. 2d 1046, 1062 (C.D. Cal. 2007), in
which Judge Matz held that the court could fashion a remedy
short of disqualification where there had been a violation of a
California ethical rule analogous to the Maryland rule at issue
here.[7]  Thus, the Court concludes that it is not foreclosed from
issuing an Order providing for a remedy other than total
disqualification of DeCaro.

In UMG, Judge Matz permitted the attorneys in question to
remain as Defendant's counsel provided that they did not pursue
certain claims, matters, and discovery.  However, this Court
will not issue an Order that would, in any way inhibit, Hudak's
ability to pursue every possible contention that he may make.

If there is a basis on which DeCaro could continue to serve
as counsel for Hudak, it would be in regard to the "Complete
Defense" theory and in a manner that would not at all be adverse

---

the particular case, that disqualification is an appropriate
means of encoring the applicable disciplinary rule.  It should
consider the ends that the disciplinary rule is designed to
serve and any countervailing policies, such as permitting a
litigant to retain the counsel of his choice and enabling
attorneys to practice without excessive restrictions."
2:11CV216, 2012 WL 3202875, at *8 (E.D. Va. Aug. 2, 2012).
[7]   In UMG Recordings, Inc. v. MySpace, Inc., 526 F. Supp. 2d
1046, 1062 (C.D.Cal. 2007), Judge Matz addressed the issue of
disqualifying a law firm on the ground that the law firm had
previously represented a party in the case at issue.

to Mules' interests.  The record does not, however, enable the Court to determine the precise nature of the "Complete Defense."

It is possible that the "Complete Defense" could include a contention that is in no way inconsistent with Mules' position in the case.  One hypothetical example would be a contention that a statute of limitations bars the Government from making any § 6672 assessment.  The contention, if based strictly upon the calendar, would not appear to relate to any facts as to which Mules would differ from Hudak.

On the other hand, there could be a "Complete Defense" contention that would be enmeshed with issues as to which Mules and Hudak have inconsistent positions.  A hypothetical example might be a contention that late payments on Government contracts caused problems that would negate a possible finding of willfulness against either Hudak or Mules.[8]  However, in regard to such a contention, there may be a need to determine facts relating to the operation of the Hudak Companies and the respective functions of Hudak and Mules on which they take mutually antagonistic positions.

The current record is not adequate to permit the Court to provide for a remedy other than total disqualification.  To take such action the Court would need to define the matters as to

---

[8]    The Court is not now determining whether or not such a contention would be meritorious.

15

which DeCaro could proceed as counsel.  Consequently, the Court

will now issue an Order disqualifying DeCaro altogether.

However, the Court will consider modifying the Order as

discussed below in light of what will, in fact, be included in

the "Complete Defense" theory to be presented by Hudak.


IV.   <u>CONCLUSION</u>

   For the foregoing reasons:

   1. Third-Party Defendant, Counterclaim Defendant,
      and Counterclaim Plaintiff Dwight C. Mules'
      Motion to Disqualify Counsel [Document 56] is
      GRANTED IN PART.

   2. Except as may be permitted by further Order,
      Thomas F. DeCaro, Jr., Esquire shall not act as
      counsel in regard to the instant case in any
      manner.

   3. The Court will consider a modification of the
      instant Order to permit DeCaro to act as counsel
      herein in a limited manner based upon:

      a. A statement of the "Complete Defense"
         contentions adequate to enable the Court to
         determine the extent to which Hudak and
         Mules may have no adverse interest, and

      b. A proposed Order establishing a practicable
         process whereby DeCaro could act as counsel
         for Hudak only on "Common Defense" matters
         as to which there is no adverse interest on
         the part of Mules.


SO ORDERED, on <u>Wednesday, December 26, 2012</u>


<u>          /s/           </u>
Marvin J. Garbis
United States District Judge