```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

TIMOTHY J. HUDAK, et ux.        *

         Plaintiffs             *

           vs.                  *    CIVIL ACTION NO. MJG-11-1271

THE UNITED STATES OF AMERICA    *
INTERNAL REVENUE SERVICE
                                *
         Defendant
*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER RE: MOTION FOR RECONSIDERATION

The Court has before it the document entitled Statement of "Complete Defense," Statement of Extent of Continuing Participation ("the Statement") [Document 72] that shall be deemed to be a Motion for Modification of Disqualification Order. Neither response nor a hearing is necessary.

In the Memorandum and Order Re: Motion To Disqualify Counsel [Document 71] the Court provided:

> 2. Except as may be permitted by further Order, Thomas F. DeCaro, Jr., Esquire shall not act as counsel in regard to the instant case in any manner.
>
> 3. The Court will consider a modification of the instant Order to permit DeCaro to act as counsel herein in a limited manner based upon:
>
>    a. A statement of the "Complete Defense" contentions adequate to enable the Court to determine the extent to which Hudak and Mules may have no adverse interest, and

        b. A proposed Order establishing a practicable process whereby DeCaro could act as counsel for Hudak only on "Common Defense" matters as to which there is no adverse interest on the part of Mules.

The aforesaid Memorandum and Order was placed on the docket at approximately 2:52 PM on December 26, 2012. In less than an hour and a half, by approximately 4:21 PM the same day, Plaintiffs filed the document here at issue. While speedily prepared, the Statement does no more than quote excerpts from the First Amended Complaint. It is not, by any means, "adequate to enable the Court to determine the extent to which Hudak and Mules may have no adverse interest."

The Court, of course, had the First Amended Complaint before it when it issued the Memorandum and Order Re: Motion to Disqualify Counsel. If this had been adequate to enable the Court to "determine the extent to which Hudak and Mules may have no adverse interest," there would have been no need for the requested statement.

The excerpts from the First Amended Complaint set forth alleged facts based upon which, presumably, Plaintiffs have a "Complete Defense" theory. The excerpts do not, however, specify what that theory is so that the Court can determine the existence <u>vel</u> <u>non</u> of any adverse interest between Hudak and Mules.

Assumingly, a "Complete Defense" theory would be one whereby there could be no § 6672 assessment against Hudak and/or Mules for any period at issue.

The pleading excerpts allege (1) that the General Services Administration did not timely pay amounts due the Hudak Companies, a subcontractor on a government project, (2) that the Hudak Companies were required by law to continue working on the project, and (3) that in order to continue working on the project, it was necessary to become, and remain, noncompliant with employment tax (including withholding) obligations.

Presumably, Hudak has a "Complete Defense" theory based upon which he would not be subject to a § 6672 assessment even if he were found to be aware of the pertinent facts and found knowingly to have made the decision to use all available funds to pay creditors rather than to have the Hudak Companies pay the employment tax obligations at issue. Presumably, also, this "Complete Defense" theory would exonerate Mules even if he were found to have had the authority to cause the Hudak Companies to pay the employment tax obligations at issue.

To consider modification of the disqualification of Thomas F. DeCaro, Jr., Esquire ("DeCaro"), the Court must be informed of the "Complete Defense" theory to be presented based upon the alleged facts in detail. Only with that information can the Court determine the existence <u>vel</u> <u>non</u> of any adverse interest

3

between Hudak and Mules.

For example,[1] a theory might be that the failure of a government agency to make timely payments, without fault on the part of the Hudak Companies, put the Hudak Companies in a "self-defense" position whereby any potential responsible person was compelled to use the income tax withholdings from employees to keep the business operating.  Thus, Hudak and/or Mules would not have acted "willfully" within the meaning of § 6672.  If that theory were articulated, the Court might be able to determine the extent to which underlying issues would be enmeshed with Hudak's and Mules' inconsistent defenses.  To do so, the Court would need to consider, among other things, the extent to which the question whether the Hudak Companies were "at fault" would require findings relating to Mules performance of his duties and the extent to which Hudak delegated authority to Mules; matters as to which Hudak and Mules appear to have conflicting positions.

The Court is not now determining the merits of any "Complete Defense" theory.  The Court is, also, most certainly, not restricting Hudak from presenting any contention or theory whatsoever.  The Court has, however, disqualified DeCaro from acting as counsel for Hudak in the case.  The Court will modify

---

[1]   The Court is not determining that this would be a valid theory.

the disqualification Order only to the extent that it can do so without having DeCaro act as Hudak's attorney in regard to matters as to which his former client, Mules, has an adverse interest.

For the foregoing reasons:

1. The document entitled Statement of "Complete Defense," Statement of Extent of Continuing Participation [Document 72] is deemed to be a Motion for Modification of Disqualification Order.

2. The said Motion for Modification of Disqualification Order is DENIED WITHOUT PREJUDICE to renewal.

3. DeCaro's disqualification remains in effect.

4. The instant case shall proceed pursuant to existing scheduling expeditiously without the participation of DeCaro as counsel.

SO ORDERED, on <u>Thursday, December 27, 2012.</u>

<pre>
                              /s/
                       Marvin J. Garbis
                   United States District Judge
</pre>