IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY J. HUDAK, et ux. | * | |
| Plaintiffs | * | |
| vs. | * | CIVIL ACTION NO. MJG-11-1271 |
| THE UNITED STATES OF AMERICA | * | |
| | * | |
| Defendant/Third-Party Plaintiff | | |
| | * | |
| vs. | | |
| | * | |
| DWIGHT C. MULES | * | |
| Third-Party Defendant | * | |

\* \* \* \* \* \* \* \* \*

## AMENDED[1] MEMORANDUM AND ORDER RE: SUMMARY JUDGMENT

The Court has before it the United States' Motion for Summary Judgment Against Dwight C. Mules [ECF No. 101] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

---

[1] The Memorandum and Order Re: Summary Judgment [ECF No. 192] inadvertently referred to the appeal by Plaintiff Hudak as pending by virtue of counsel's statements at the argument on the instant motion. However, the appeal was dismissed due to the absence of a final Judgment.

I. BACKGROUND

At all times relevant hereto, (1) Defendant Timothy Hudak ("Hudak") was the owner and president of related companies, referred to as "the Hudak Companies" and (2) Third-Party Defendant Dwight C. Mules ("Mules") was the Chief Financial Officer.

The Hudak Companies failed to comply with their withholding and employment tax obligations for the quarterly tax periods ending on the following dates: 12/31/07, 9/30/08, 12/31/08, 3/31/09, 6/30/09, 9/30/09, 12/31/09, 3/31/10, and 12/31/10. In due course, the Internal Revenue Service made assessments pursuant to § 6672 of the Internal Revenue Code[2] against Hudak and Mules.

Hudak brought the instant tax refund suit in which the Government counterclaimed for the unpaid balance of the assessment and asserted a Third-Party Complaint against Mules. As to Hudak, the Government prevailed at trial before a jury with regard to the quarters in 2007, 08 and 09 and in a bench trial as to the quarters in 2010. See Bench Trial Decision Re: 1Q10 & 4Q10 [ECF No. 161]. Hudak's appeal from the Judgment against him was dismissed by the United States Court of Appeals

---

2   All Section references herein are to Title 26 of the United States Code, the Internal Revenue Code.

for the Fourth Circuit but may, (and presumably will) be refiled when a final Judgment resolving all claims regarding Third-Party Defendant Mules is issued.

By the instant motion, the Government seeks summary judgment against Mules with regard to all of the quarters at issue.

II.  SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement: The court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically.  After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).

III. DISCUSSION

    A. Responsible Person Status[3]

Section 6672 provides, in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, . . . shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

The Fourth Circuit has developed a "non-exhaustive list of factors to consider in determining whether 'the substance of the circumstances' establishes responsible person status under § 6672." Erwin v. United States, 591 F.3d 313, 320 (4th Cir. 2010). Those factors include whether the person at issue:

    (1) served as an officer or director of the company;

    (2) controlled the company's payroll;

    (3) determined which creditors to pay and when to pay them;

    (4) participated in the corporation's day-to-day management;

    (5) had the ability to hire and fire employees; and

    (6) possessed the power to write checks.

---

[3] Because the Court concludes that there are genuine issues of material fact regarding Mules' status as a responsible person, it is not addressing willfulness issues herein.

Id.  No one factor is determinative; the court is to assess the totality of the circumstances.  Id.

Thus, for Mules to be liable pursuant to § 6672 he must, as to each period for which liability is asserted, have been a "responsible person" as well as "willfully" failed to collect and pay over the taxes at issue.

### B. Factual Contentions

There are at least three views of the facts presented by Mules, Hudak, and the Government.

Mules, acknowledges, as he must, that he knew of the Hudak companies' noncompliance with their withholding obligations and, therefore, that creditors other than the I.R.S. were being paid from available funds.  However, Mules asserts that he did not have the ability to cause the Hudak companies to make the required tax payments.  Rather, he asserts that he did not have check signing authority and, by virtue of the steadfast orders of Hudak, he could not cause those who had such authority to pay the tax obligations.  Hence, Mules contends that while Hudak was a responsible person, he was not.

Hudak contends that he was not a responsible person by virtue of a "complete defense,"[4] and that Mules was a responsible person but he (Hudak) was not.  As to Mules, Hudak asserts that:

- He had reasonably delegated to Mules the responsibility for compliance with employment tax obligations;

- Mules, and not Hudak, made decisions regarding whether to pay the Internal Revenue Service or other creditors with available funds and Hudak merely signed checks after the decision to pay (and in what amount) was made by Mules;

- Mules misled Hudak into believing that the Hudak Companies were compliant with their employment tax obligations; and

- Hudak reasonably, not recklessly, relied upon Mules' representations.

The Government contends that both Mules and Hudak were responsible persons for all quarters at issue.  The Government does not, of course, accept Hudak's version of the facts – that would exonerate Hudak altogether.  However, the Government most certainly disagrees with Mules version of the facts, contends that Mules had effective authority and ability to cause the

---

[4]  This "complete defense" – that Mules adopts so as to preserve the issue for appeal - is that the Government wrongfully delayed progress payments causing the tax compliance failures.  This matter is before the United States Court of Appeals for the Fourth Circuit on Hudak's appeal and will, presumably, be included in any appeal from the Judgment regarding Mules' liability.

payment of the tax liabilities at issue and decided – together with Hudak – to prefer other creditors.

### C. Factual Issues

In the summary judgment context, Mules, as the non-moving party, is entitled to have "the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, all internal conflicts in it resolved favorably to him, the most favorable of possible alternative inferences from it drawn in his behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Therefore, despite the Government's denial of Mules' assertions, for purposes of the instant discussion, the Court must accept the version of the facts most favorable to Mules.

Neither the parties nor the Court has found a decision upholding a grant of summary judgment in a case in which a putative responsible person (i) did not have the power to sign checks, (ii) lacked authority to require employees to make payments to the I.R.S. rather than other creditors, and (iii) knew that the person who had such authority insisted on using corporate funds to pay creditor other than the I.R.S.

The closest, and most instructive, decision cited was Erwin v. United States, 591 F.3d 313 (4th Cir. 2010).

In Erwin, the court stated:

> Although in some cases questions as to responsible person status under § 6672 cannot be resolved at summary judgment, see, e.g., O'Connor, 956 F.2d at 51-52, in this case they surely can. Given the undisputed facts here, we can only conclude that the Government demonstrated Erwin's responsible person status as a matter of law.

Erwin, 591 F.3d at 323-24.

In that case, some of the factors favored the Government and others did not. However, the reason why summary judgment was appropriate was that "the totality of the circumstances conclusively establishe[d] that Erwin had the 'effective power' to pay the taxes owed by [the company]." Id. at 321.

The Court notes Government counsel's statement that "even the facts as interpreted by Mr. Mules are nevertheless sufficient to find in favor of the United States." Govt. Memorandum of Law [ECF No. 190], at 1 n.1. It may well be correct that a reasonable jury accepting Mules' version of the disputed facts, considering the totality of the evidence now of record, nevertheless could reasonably determine that he was a responsible person. However, such a jury could also properly find for Mules. Of course, the jury will be rendering its verdict based upon the trial evidence, not the evidence presented regarding the instant motion for summary judgment.

IV. <u>CONCLUSION</u>

For the foregoing reasons:

1. The United States' Motion for Summary Judgment Against Dwight C. Mules [ECF No. 101] is DENIED.

2. A Trial Scheduling Order shall be issued hereafter.

SO ORDERED, on <u>Monday, December 21, 2015</u>.

                                                                               /s/
                                                    Marvin J. Garbis
                                     United States District Judge