IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY J. HUDAK, et ux.          *

      Plaintiffs                 *

      vs.                        *       CIVIL ACTION NO. MJG-11-1271

THE UNITED STATES OF AMERICA      *
INTERNAL REVENUE SERVICE
                                 *
      Defendant
*       *       *       *       *       *       *       *       *

MEMORANDUM AND ORDER

The Court has before it the United States' Motion for Installment Payment Order & Ancillary Relief [ECF No. 242] and the materials submitted relating thereto. The Court has held an evidentiary hearing. Factual findings contained herein are based on the evidence presented and the reasonable inferences drawn therefrom.

I.   BACKGROUND

In this case, the Court entered the Judgment Order [ECF No. 166] on May 1, 2014 determining that Plaintiff Timothy Hudak ("Hudak") had a liability to the Government for the taxable periods 3Q07 through 4Q09, 1Q10, and 4Q10 as of April 7, 2014, in the amount of $2,358,144.85. Hudak did not pay the amount owed the Government causing the I.R.S. to commence collection efforts.

Hudak, regretfully, has engaged in actions to frustrate the collection efforts. On June 18, 2017, Hudak submittead an I.R.S. Collection Information Statement stating that he and his wife were both employed by Old Dominion Insulation, Inc. ("Old Dominion"). Hudak, a manager, was paid $12,917.00 per month and Mrs. Hudak, a secretary, was paid $2,917.00 per month. In December 2017, the I.R.S. levied on Hudak's wages, obtaining four payments of $1,814.00 per week in December 2017 and January 2018, constituting part of his take home pay. Hudak purportedly resigned from Old Dominion employment effective January 5, 2018 stating in his resignation letter:

> As you know in light of my tax issue I am losing about 95% of my pay check each week to this problem. It does not make financial sense for me to continue to work until this tax issue is resolved. . . . I am offering my resignation. I will contact you once my lawyers have reached a resolution in my case and I have a clear picture of what needs to be done to have my tax issue resolved. Only at this point does it make sense for me to resume working.

Ltr., Dec. 29, 2017, ECF No. 242-5 at 6.

Hudak, however, continued working for Old Dominion, nominally as a "consultant" employed by a newly created company formed by Mrs. Hudak. Old Dominion, no longer paying wages to Hudak, ceased honoring the levy on Hudak's wages. Old Dominion continued to pay Mrs. Hudak's firm for Hudak's services a weekly amount of $3,198.00, an amount equal to that which had been

2

Hudak's wages plus Old Dominion's share of the Social Security FICA tax on that salary.

II.  DISCUSSION

   A.  Requirement to Pay

The Government seeks an Order based upon 28 U.S.C. § 3204(a) that provides that

> if it is shown that the judgment debtor —
>
> (1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or
>
> (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings;
>
> then . . . the court may, if appropriate, order that the judgment debtor make specified installment payments to the United States.

The Court finds that an Order awarding installment payments should and shall be made in view of Hudak's continuing self-employment income and his maneuvering to eliminate the ability of the I.R.S. to effect collection by levy upon his earnings by effectively shifting his income to his wife.

   B.  Amount of the Payment

The statute provides:

> In fixing the amount of the payments, the court shall take into consideration after a

3

> hearing, the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States.

28 U.S.C. § 3204(a).

The evidence establishes that Hudak is capable of earning income from his personal services of $3,198.00 per week if he continues working for the benefit of Old Dominion. The Government seeks an Order requiring payment of the amount that had been obtained by the I.R.S. levy, i.e., $1,814.00 per week. There is a degree of logic to the request to impose the very obligation that Hudak evaded by shifting his income. However, the statute requires the Court to consider Hudak's financial circumstances and make pertinent findings. The Court conducted an evidentiary hearing at which Hudak chose not to testify.

Hudak states that his current financial situation as one in which he cannot afford to make any payment on the judgment obligation. He contends that his monthly gross income is $13,750.24, and his wife's income is $3,390.00, for a family total of $17,140.24. He states these household expenses totalling $17,163.31 – slightly in excess of the household income:

| Expense (monthly) | Amount |
|---|---|
| Food, Clothing, Misc. | $1,694.00 |

| Housing & Utilities | $5,304.13 |
|---|---|
|   Mortgage | $4,014.02 |
|   Verizon | $225.95 |
|   BGE | $738.60 |
|   Comcast | $325.56 |
| Vehicle Operating | $494.00 |
| Health Insurance | $622.00 |
| Out of Pocket HC | $208.00 |
| Life Insurance | $686.69 |
| Current Taxes | $4,677.00 |
| Other- First Mariner Loan | $377.50 |
| **Total** | **$17 163.31** |

Hudak's Statement Re: Payment Ability [ECF No. 251]. Hudak proposes that the Court's payment obligation should be $1,000.00 per month, which he will "cover" by reductions in some of his living expenses.

The Court finds that Hudak's claim of monthly household expenses – even if accurately stated – is an unreasonable amount in view of the high standard of living he maintains. The largest problem area pertains to the cost of acquiring and maintaining a 7,500 square foot home on ten acres. The family home is reasonably estimated to have a value of $1,000,000.00 or more that is subject to a first mortgage of about $500,000.00, a second mortgage of $110,950.00, requiring monthly mortgage payments of approximately $7,500.00.

There is equity in the home of more than a quarter of a million dollars in excess of the mortgage obligations. Hudak has presented no evidence establishing that the family would

suffer a hardship were it required to sell the house, pay off the obligations and obtain a home of more modest dimensions costing in the range of $300,000.00.  Doing so would eliminate $7,500.00 of monthly payments, making those funds available for payment on the Judgment obligation.  The evidence also established monthly payments of a cable obligation of $325.00 without a showing that a reduction of the service to $120.00 per month should cause a hardship.

Hudak has proposed that he could pay a $1,000.00 per month installment by somehow reducing his expenses from the amounts claimed.  He does not explain which of his claimed monthly expenses are more than necessary.  Nor did Hudak testify or offer the testimony of any other witness regarding his, and his family's, financial circumstances.

The Court finds credible the testimony of an I.R.S. Revenue officer that in the area in which Hudak's family lives, a family of four would have reasonable living expenses in the range of $2,300.00 per month.

The Court finds no reason to disagree with Hudak's position regarding the monthly family income of some $17,000.00.  The Court finds that should the Hudaks dispose of their million dollar home, they could greatly reduce their mortgage obligations and could make payments on the Judgment.  It is not reasonable for the Hudaks to be allowed to withhold payment on

the Judgment obligation effectively to finance the acquisition and maintenance of their million dollar home.

Hudak's attorney seeks to have the Court refrain from inflicting an immediate payment obligation that would require the expeditious sale of the home and lower the anticipated sale price. The Court is cognizant of the personal burden imposed by a forced sale of one's home and also notes that the Hudak children are in the last year of high school, so that moving could present a family problem.

The Court, finding that Hudak's claimed monthly expenses are greater than reasonable necessary, has not received detailed evidence on every expense that would allow a specific finding other than that the cable bill is some $200.00 more than one would be for a reasonable level of service. Also, there is no reasonable need to pay for the home at the rate of $4014.00 per month.

The Court, on the record as it now exists, finds that Hudak can, without hardship imposed on him or his family, immediately commence making $1,200.00 monthly payments on the Judgment of over $2,000,000.00. He can, also without hardship, sell the residence and eliminate his payment of $4014.00 per month on the first mortgage.

The Court shall order Hudak to make monthly installment payments of $1,200.00 on the 10th day of each month beginning

July 2018.  He shall also commence making monthly payments of $4014.00 on the 10th day of each month commencing in August 2019.

This permits Hudak to continue for 12 months to make his $4014.00 first mortgage payment and pay the Government only $1,200.00.  Thus he is effectively deferring payment of $2,814.00 for 12 months, a total of $33,768.00, which shall be paid, presumably from the sale of his residence, on August 10, 2019.

III. <u>CONCLUSION</u>

For the foregoing reasons:

1. The United States' Motion for Installment Payment Order & Ancillary Relief [ECF No. 242] is GRANTED.

2. Timothy Hudak shall pay the United States on the Judgment Order obligation the amount of $1,200.00 by July 10, 2018 and the 10th of each month thereafter through July 2019.

3. Timothy Hudak shall pay the United States on the Judgment Order obligation the amount of $33,768.00 on August 10, 2019.

4. Timothy Hudak shall pay the United States on the Judgment Order obligation the amount of $4,214.00 on August 10, 2019 and the 10th of each month thereafter.

5. The payment obligations stated herein are in effect and shall continue until modified by further Order.

6. Any failure to meet any of the payment obligations specified herein may subject Timothy Hudak to contempt proceedings and appropriate sanctions.

SO ORDERED, on <u>Monday, June 25, 2018</u>.

                                            /s/_____
                                            Marvin J. Garbis
                                      United States District Judge